# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Juan Luis PEREZ BUENO,<br><br>            Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; JOSEPH MCDONALD, JR., Sheriff, Plymouth County; PATRICIA HYDE, Field Office Director; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security; PETER HEGSETH, U.S. Secretary of Defense,<br><br>            Respondents. | Case No. _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## **INTRODUCTION**

1. Petitioner Juan Luis Perez Bueno is a 25-year-old Ecuadorian national who, on information and belief, was detained by federal immigration agents after being ordered out of his parked car at gunpoint on June 10, 2025, in or near Biddeford, Maine. The only explanation any immigration agent has given Petitioner for his arrest is that they "needed to check his status."

2. Petitioner is detained at the Plymouth County House of Corrections in Massachusetts.

3. Petitioner asks this Court to find that he was unlawfully detained and order his release.

1

4. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

5. The Respondents' detention of the Petitioner is unjustified. The government has not demonstrated that the Petitioner must be detained. See *Zadvydas*, 533 U.S. at 690 (finding immigration detention must further the twin goals of (1) ensuring the noncitizen's appearance during removal proceedings and (2) preventing danger to the community). The government holds the burden of demonstrating that the Petitioner cannot be safely released back to his community.

6. Petitioner's detention is an unlawful violation of his due process rights because, on information and belief, the Respondents have not charged him with a violation of law.

7. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

## JURISDICTION

8. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question),and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

10. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

11. Venue is proper because Petitioner is presently detained in the District of Massachusetts, specifically at the Plymouth County House of Corrections.

## PARTIES

12. Petitioner Juan Luis Perez Bueno is a 25-year-old Ecuadorian national. On information and belief, Petitioner was residing in Old Town, Maine prior to his arrest.

13. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and, on information and belief, is petitioner's immediate custodian.

14. Respondent Joseph McDonald, Jr. is the Sheriff of Plymouth County, the facility where, on information and belief, the Petitioner is currently detained.

15. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement ("ICE").

16. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

17. Respondent Todd Lyons is the Acting Director for ICE.

18. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

19. Respondent Peter Hegseth is the U.S. Secretary of Defense ("DOD"). He is named because the Trump Administration has been transferring immigrant detainees to DOD custody in order to fly them out of the country on military aircraft.

20. All respondents are named in their official capacities.

## FACTS

21. Petitioner entered the United States without inspection on or about June 5, 2021 in Arizona. On information and belief, Petitioner has had no law enforcement encounters in the United States apart from his interactions with ICE and minor motor vehicle infractions (speeding

and marked lanes violations) that resulted in a fine and a one-month suspension of his drivers license in New Hampshire.

22. On June 10, 2025, Petitioner drove his nephew, Alexander Perez ("Alexander"), to a 7-Eleven and waited for him in the parked car.

23. On information and belief, while Alexander exited the 7-Eleven, multiple ICE agents approached Petitioner and Alexander.

24. On information and belief, at least two ICE agents pointed their guns at Petitioner and Alexander as they sat inside of the parked car.

25. Neither Petitioner nor Alexander posed any threat or exhibited any potential threat to the ICE agents.

26. On information and belief, ICE presented papers to Petitioner and Alexander through the closed window seeking the location of other men. Petitioner and Alexander told the ICE agents they did not know those individuals.

27. On information and belief, ICE asked for identification and both Petitioner and Alexander showed photographs of their passports from their phones.

28. On information and belief, an ICE agent opened the car door and handcuffed Petitioner, placing him in one of their vehicles.

29. On information and belief, the only explanation ICE agents gave Petitioner for handcuffing and detaining him in an ICE vehicle was that the agents would check his status. Since his arrest and ongoing detention, no other explanation has been given to Petitioner for why he was arrested.

30. On information and belief, ICE regularly transfers individuals held in detention in Massachusetts to detention facilities located in other states.

31. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

32. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

33. On information and belief, Petitioner is currently being detained by federal agents without cause and in violation of his constitutional rights to due process of law.

### COUNT TWO
### Violation of the Administrative Procedure Act and the Accardi Doctrine

34. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

35. On information and belief, some or all of the Respondents have adopted a policy of moving detained noncitizens from facilities in their home region to frustrate judicial procedure and more swiftly effectuate the removal of those noncitizens. Transfer out of Massachusetts may also shift the burden of proof in bond proceedings from the Respondents to the Petitioner, making it more difficult for the Petitioner to secure release from his unlawful detention. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, see *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

36. Petitioner's detention is an unlawful violation of his rights under the Administrative Procedure Act to be free from arbitrary and capricious administrative action. His detention also violates his statutory due process rights under the Administrative Procedure Act.

## COUNT THREE
### Release on Bail Pending Adjudication

37. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

38. Federal courts sitting in habeas possess the "inherent power to release the petitioner pending determination of the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020) (quoting *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam)); see also *Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in the criminal habeas case." *Id.* (quoting *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001)). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (quoting *Mapp*, 241 F.3d at 230) (cleaned up).

39. This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, where his remote location would prevent him from adequately litigating any future removal and bond proceeding by limiting his access to counsel who is located within the District of Massachusetts.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order the Respondents to desist from transferring him outside of this District;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

**JUAN LUIS PEREZ BUENO,**

By his attorney,

/s/ Benjamin B. Tymann
Benjamin B. Tymann, BBO # 652011
Tymann, Davis & Duffy, LLP
45 Bromfield Street, 6th Floor
Boston, MA 02108
Dated: July 10, 2025                                  Tel. 617.933.9490